UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

OSCAR VILLANUEVA,                                      Civil Action No.

                      Plaintiff,

    -against-

FRESH KITCHEN INC, CHUNG HO SHIN, and
EUNKYUNG SHIN,

                      Defendants.

---------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, OSCAR VILLANUEVA (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, FRESH KITCHEN INC, CHUNG HO SHIN, and EUNKYUNG SHIN (hereinafter collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations"), including Part 146 of Title 12, to recover unpaid overtime compensation, unpaid spread of hours compensation, and for other relief.

2.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5.      Plaintiff was employed by Defendants as a kitchen assistant from in or about January 2018 until on or about August 14, 2018 at Defendants' "Fresh Kitchen" delicatessen.

6.      According to the New York State Department of State, Division of Corporations, Defendant Fresh Kitchen Inc (hereinafter, "Fresh Kitchen") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      According to the New York State Department of State, Division of Corporations, Defendant Fresh Kitchen maintains an address for the service of process located at 270 Madison Avenue, New York, New York 10016.

8.      Upon information and belief, at all relevant times to this action, Defendant Fresh Kitchen owned and operated the "Fresh Kitchen" delicatessen located at 270 Madison Avenue, New York, New York 10016.

9.      Upon information and belief, Defendant Chung Ho Shin is a resident of the State of New York.

10.     Upon information and belief, at all relevant times, Defendant Chung Ho Shin was a shareholder, owner, officer, director, and/or managing agent of Defendant Fresh Kitchen.

11.     Upon information and belief, at all relevant times, Defendant Fresh Kitchen was owned, operated, and/or controlled by Defendant Chung Ho Shin.

12.     According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant Chung Ho Shin is a principal of Defendant Fresh Kitchen.

13.     Upon information and belief, at all relevant times, Defendant Chung Ho Shin exercised operational control over Defendant Fresh Kitchen, controlled significant business functions of Defendant Fresh Kitchen, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Fresh Kitchen in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14.     Upon information and belief, at all relevant times, Defendant Chung Ho Shin participated in running the daily operations of Defendant Fresh Kitchen.

15.     Upon information and belief, at all relevant times, Defendant Chung Ho Shin participated in the management and supervision of the employees at Defendants' "Fresh Kitchen" delicatessen.

16.     Upon information and belief, Defendant Eunkyung Shin is a resident of the State of New York.

17.     Upon information and belief, at all relevant times, Defendant Eunkyung Shin was a shareholder, owner, officer, director, and/or managing agent of Defendant Fresh Kitchen.

18.     Upon information and belief, at all relevant times, Defendant Fresh Kitchen was owned, operated, and/or controlled by Defendant Eunkyung Shin.

19.     According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant Eunkyung Shin is a principal of Defendant Fresh Kitchen.

20.     Upon information and belief, at all relevant times, Defendant Eunkyung Shin exercised operational control over Defendant Fresh Kitchen, controlled significant business

functions of Defendant Fresh Kitchen, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Fresh Kitchen in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

21. Upon information and belief, at all relevant times, Defendant Eunkyung Shin participated in running the daily operations of Defendant Fresh Kitchen.

22. Upon information and belief, at all relevant times, Defendant Eunkyung Shin participated in the management and supervision of the employees at Defendants' "Fresh Kitchen" delicatessen.

23. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

24. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

25. Defendants Fresh Kitchen, Chung Ho Shin, and Eunkyung Shin are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

**FACTS**

26. At all times relevant to this action, Plaintiff was employed for the benefit of and at the direction of Defendants at their "Fresh Kitchen" delicatessen.

27. From in or about January 2018 until on or about August 14, 2018, Plaintiff worked at Defendants' "Fresh Kitchen" delicatessen located at 270 Madison Avenue, New York, New York 10016.

28.     Throughout his employment, Plaintiff was required to clock-in at the beginning of his shifts and to clock-out at the end of his shifts; however, Defendants did not pay him for all of the hours for which he was clocked in. Instead, Defendants reported a lesser number of hours on Plaintiff's paystubs, rather than the total number of hours on his time cards.

29.     Upon information and belief, Defendants are in possession of Plaintiff's time records for the hours that Plaintiff worked each day and week.

30.     During Plaintiff's employment, his primary duties included preparing food and washing dishes.

31.     Throughout his employment, Plaintiff worked five (5) days per week with Saturday and Sunday off. Each shift, Plaintiff generally worked from about 9:00 a.m. until about 7:30 p.m.

32.     Throughout his employment, Plaintiff was not given and did not take uninterrupted meal breaks during his shifts.

33.     Throughout his employment, Plaintiff generally worked fifty-two and one-half (52.5) hours per week.

34.     Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

35.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff for each work hour for which he was clocked-in.

36.     Throughout Plaintiff's employment, Defendants deducted thirty-minutes per shift from Plaintiff's work time for meal breaks that Defendants did not provide to Plaintiff and that Plaintiff did not take.

37.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for all of the hours that he worked in excess of forty (40) hours per week.

5

38.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours per week.

39.     Throughout Plaintiff's employment, Plaintiff regularly worked more than ten hours per day.

40.     Despite regularly working more than ten hours per day, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

41.     Throughout Plaintiff's employment, Defendants improperly and without authorization deducted money from Plaintiff's wages each week for meals that Plaintiff did not eat.

42.     Defendants did not provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday, or any other form of wage notice, at the time of his hiring or at any other time thereafter.

43.     Defendants provided Plaintiff with a pay stub each week with his earnings; however, Defendants did not include on the pay slips an accurate accounting of Plaintiff's weekly hours and overtime earnings. Defendants also failed to include their corporate contact information as required by law.

44.     As such, Defendants did not provide Plaintiff with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement along with his weekly earnings, as required by the NYLL.

45.     Defendants Chung Ho Shin and Eunkyung Shin participated in the decision to hire and fire employees at Defendants' "Fresh Kitchen" delicatessen.

46.     Defendants Chung Ho Shin and Eunkyung Shin participated in setting employees' work schedules at Defendants' "Fresh Kitchen" delicatessen.

47.     Defendants Chung Ho Shin and Eunkyung Shin participated in deciding the hours that the employees worked at Defendants' "Fresh Kitchen" delicatessen.

48.     Defendants Chung Ho Shin and Eunkyung Shin participated in deciding the manner in which employees were paid at Defendants' "Fresh Kitchen" delicatessen.

49.     Defendants Chung Ho Shin and Eunkyung Shin participated in supervising employees' duties at Defendants' "Fresh Kitchen" delicatessen.

50.     Defendants Chung Ho Shin and Eunkyung Shin participated in deciding the job duties that employees performed on a daily basis at Defendants' "Fresh Kitchen" delicatessen.

51.     Defendants Chung Ho Shin and Eunkyung Shin participated in running the day-to-day operations of Defendant Fresh Kitchen during Plaintiff's employment.

52.     Defendants managed Plaintiff's employment, including the number of hours worked and the amount of wages paid.

53.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

54.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled for this work time under the law.

55.     Defendants were aware of Plaintiff's work hours but failed to pay him spread of hours compensation to which he was entitled under the law.

56.     Defendants were aware that they did not provide Plaintiff with meal breaks but deducted this break time from his wages.

57.    Defendants were aware that Plaintiff did not eat Defendants' food but deducted a meal allowance from his wages.

58.    Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

59.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

61.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Fresh Kitchen was and continues to be an enterprise engaged in commerce or in the production of goods for commerce.

62.    At all times relevant to this Complaint, Defendant Fresh Kitchen had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled food items and other kitchen equipment that originated outside of the State of New York.

63.    Upon information and belief, the gross annual volume of sales made or business done by Defendant Fresh Kitchen for 2018 was not less than $500,000.00.

64.   At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

65.   Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

66.   By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

67.   Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

68.   However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

69.   Defendants have acted willfully and either knew that their conduct violated the FLSA or showed reckless disregard for the matter of whether their conduct violated the FLSA.

70.   Defendants have not acted in good faith with respect to the conduct alleged herein.

71.   As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

72.   Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73.   At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

74. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

75. At all times relevant to this Action, Defendant Fresh Kitchen was a restaurant as defined by the regulations pertaining to the NYLL.

76. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

77. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

78. At all times relevant to this Action, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

79. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

80. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

81. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

82. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours per week.

83. Plaintiff was not exempt from the overtime provisions of the NYLL, because he did not meet the requirements for any of the reduced number of exemptions available thereunder.

84. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

85. Defendants have not acted in good faith with respect to the conduct alleged herein.

86. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

87. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

88. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

89. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

90. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6**
**FAILURE TO PAY WAGES**

91. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

92. During Plaintiff's employment, Defendants suffered and permitted Plaintiff to regularly work numerous hours each week without paying him the wages to which he was entitled.

93. During Plaintiff's employment, Plaintiff was not given and did not take uninterrupted meal breaks during his shifts.

94. Despite not taking uninterrupted meal breaks during his shifts, Defendants deducted thirty (30) minutes from Plaintiff's wages for each shift that he worked each week.

95. Defendants' failure to pay Plaintiff the wages that he earned constitute outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

96. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

97. Defendants have not acted in good faith with respect to the conduct alleged herein.

98. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6**
**ILLEGAL DEDUCTIONS**

99. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

100. Throughout Plaintiff's employment, Plaintiff did not eat Defendants' food during his shifts.

101. Despite not eating Defendants' food, Defendants deducted a meal allowance from Plaintiff's weekly wages.

102. As alleged herein, Defendants improperly, illegally, and without Plaintiff's written authorization deducted a meal allowance from Plaintiff's weekly wages for each shift that Plaintiff worked per week in violation of NYLL Section 193.

103. Defendants have acted willfully and either knew that their conduct violated the NYLL or showed reckless disregard for the matter of whether their conduct violated the NYLL.

104. Defendants have not acted in good faith with respect to the conduct alleged herein.

105. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

106. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

107. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

108.     Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

109.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VII**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6, SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

110.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

111.     Defendants willfully failed to provide Plaintiff with complete and accurate wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

112.     Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

113.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a

sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and

duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

1.    Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2.    Willfully violated the provisions of the FLSA;

3.    Violated the provisions of the NYLL by failing to pay overtime, spread of hours compensation, and regular wages to Plaintiff;

4.    Violated the provisions of the NYLL by illegally deducted meal allowances from Plaintiff's wages;

5.    Willfully violated the applicable provisions of the NYLL;

6.    Violated the provisions of the NYLL by failing to provide wage notices and wage statements to Plaintiff;

B.    Award compensatory damages, including all overtime, spread of hours compensation, and regular wages owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime, spread of hours compensation, and regular wages due accruing from the date such amounts were due;

F.    Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      June 24, 2019

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.

*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Fresh Kitchen Inc y Chung Ho Shin,** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Fresh Kitchen Inc and Chung Ho Shin** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 6/21/19

_____
Oscar Armando Villanueva Galiano

- 1 -