# **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, OSCAR VILLANUEVA ("Plaintiff"), and, on the other hand, FRESH KITCHEN INC, CHUNG HO SHIN, and EUNKYUNG SHIN ("Defendants") (collectively, the "Parties").

**WHEREAS**, on or about June 24, 2019, Plaintiff initiated legal action against Defendants in the United States District Court for the Southern District of New York, entitled *Villanueva v. Fresh Kitchen Inc., et al.*, 19-CV-5892 (LGS) (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

**WHEREAS**, in the Action, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime and regular wages due in connection with services that he performed on Defendants' behalf and failed to provide him with accurate wage notices and wage statements; and

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement in relation to any claims for unpaid wages. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid regular and overtime wages and other alleged damages from the commencement of his employment with Defendants to the present, including interest, civil monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Compensation:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiff the total sum of Nine-Thousand Seven-Hundred Fifty Dollars and Zero Cents ($9,750.00) as follows:

    (a) Within thirty (30) days of the District Court approving this Agreement and dismissing this matter with prejudice, Defendants shall make the following payments to Plaintiff:

       i.    a check made payable to "OSCAR VILLANUEVA" in the amount of Two-Thousand Nine-Hundred Fifty Dollars and Zero Cents ($2,950.00), to be reported as income to Plaintiff on an IRS Form 1099 with box #3 checked.

      ii.    a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of One-Thousand Nine-Hundred Twenty-Five Dollars and Zero Cents ($1,925.00), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

(b) Within sixty (60) days of the District Court approving this Agreement and dismissing this matter with prejudice, Defendants shall make the following payments to Plaintiff:

      i.    a check made payable to "OSCAR VILLANUEVA" in the amount of Two-Thousand Nine-Hundred Fifty Dollars and Zero Cents ($2,950.00), to be reported as income to Plaintiff on an IRS Form 1099 with box #3 checked.

      ii.    a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of One-Thousand Nine-Hundred Twenty-Five Dollars and Zero Cents ($1,925.00), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

(c) Of the combined payments set forth in Sub-Paragraphs (a) and (b) of this Section, Plaintiff shall receive a total of Five-Thousand Nine-Hundred Dollars and Zero Cents ($5,900.00), and Neil H. Greenberg & Associates, P.C. shall receive a total of Three-Thousand Eight-Hundred Fifty Dollars and Zero Cents ($3,850.00).

(d) Prior to the filing of the Parties' stipulation of dismissal with prejudice, Defendants' legal counsel shall receive a fully completed and executed IRS Form W-9 from Plaintiff, and a fully completed and executed IRS Form W-9 from Neil H. Greenberg & Associates, P.C.

(e) The Payments set forth in this Section shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

3. **Full Payment**: Except as provided in this Agreement, no other payments are owed to Plaintiff related to any claims asserted in the Action. Plaintiff agrees and affirms that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

4. **Release Of All Fair Labor Standards Act And New York Labor Law Related Claims**: Plaintiff understands and agrees that the Settlement Compensation is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims [in this action] for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys'

fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Settlement Agreement. Plaintiff affirms that, other than the claims alleged herein, he has reported all hours he worked while employed by Defendants, and that he has been paid and/or has received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which he may have been entitled as a result of his employment with Defendants. Plaintiff hereby completely releases all wage and hour claims against Defendants and releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Action including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York Labor Law, and its governing regulations.

5. **Third-Party Beneficiary**: Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek the Settlement Amount described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

6. **Covenant Not to Sue**. Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs relating to the Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party.

7. **Filing of Stipulation of Dismissal with Prejudice**.

(a) Upon execution of this Agreement, the Parties agree to immediately execute a Stipulation of Dismissal with Prejudice which will be filed with the Court along with the parties' motion for settlement approval.

(b) The execution and filing of the Stipulation of Dismissal with Prejudice is a material condition of this Agreement and the Parties' obligations hereunder. The Parties agree that Plaintiff must authorize his counsel to execute and deliver the Stipulation of Dismissal with Prejudice to Defendants' counsel before any Payment pursuant to Paragraph 2 of the Agreement is delivered from Defendants to Plaintiff's attorneys.

8. **Taxes and Withholding**: On or about January 31, 2021, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form 1099 for the Settlement Amount reflecting payment to the Plaintiff of that portion of the Settlement Amount

Initials: O-V
chy
[signature]

2

which was received by him in the prior calendar year. Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by him with respect to the above payment in Paragraph 2. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment and separation from employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **No Pending Claims:** Plaintiff hereby represents that other than the Complaint, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

11. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in New York County, New York or the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

12. **Entire Agreement:** Plaintiff acknowledges and agrees that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

13. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14. **Modification:** This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

15. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

16. **Waiver and Fair Meaning:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or

deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

      **17.**    **Counterparts:**  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

      **18.**    **Headings:**  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

      **19.**    **Facsimile or Email:**  A facsimile or email copy of this Agreement will have the same force and effect as the original.

      **20.**    **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**THIS SPACE INTENTIONALLY LEFT BLANK**

## NOTICE

THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.

PLAINTIFF ACKNOWLEDGES AND AGREES THAT THIS AGREEMENT HAS BEEN READ TO HIM IN SPANISH, HE UNDERSTANDS IT, AND HE IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

**AGREED:**

_____    Dated: 2/18/2020
**OSCAR VILLANUEVA**

_____    Dated: _____
**FRESH KITCHEN INC**
By: Chung Ho Shin

_____    Dated: _____
**CHUNG HO SHIN**

_____    Dated: _____
**EUNKYUNG SHIN**

## NOTICE

THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.

PLAINTIFF ACKNOWLEDGES AND AGREES THAT THIS AGREEMENT HAS BEEN READ TO HIM IN SPANISH, HE UNDERSTANDS IT, AND HE IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

**AGREED:**

_____     Dated: _____
**OSCAR VILLANUEVA**

_____     Dated: 2/25/2020
**FRESH KITCHEN INC**
By: Chung Ho Shin

_____     Dated: 2/25/2020
**CHUNG HO SHIN**

_____     Dated: 2/25/2020
**EUNKYUNG SHIN**

6